IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 7 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-00761-ZLW

DAVID ALAN GUENTHER,

      Applicant,

v.

WARDEN JAMES E. ABBOTT, and
JOHN SUTHERS, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Applicant David Alan Guenther has filed **pro se** on June 29, 2005, a document titled "Applicant's Motion for Reco[n]sideration." Mr. Guenther asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on June 3, 2005. The Court must construe "Applicant's Motion for Reco[n]sideration" liberally because Mr. Guenther is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, "Applicant's Motion for Reco[n]sideration" will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243.

"Applicant's Motion for Reco[n]sideration," which Mr. Guenther filed in this action more than ten days after the Court's June 3, 2005, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant habeas corpus action as barred by the one-year limitation period in 28 U.S.C. § 2244(d). The Court determined that Mr. Guenther's judgment of conviction became final in 1992, that the one-year limitation period began to run in April 1996, and that the one-year limitation period expired in April 1997. The Court also determined that the postconviction motion Mr. Guenther filed in May 2002 did not toll the one-year limitation period because that motion was filed more than five years after the one-year limitation period already had expired.

Mr. Guenther argues in "Applicant's Motion for Reco[n]sideration" that the instant action is not barred by the one-year limitation period because the one-year limitation period was tolled until December 2004. In support of this argument he alleges for the first time that he filed a postconviction motion in the trial court in 1992 and that the trial court never ruled on that motion. Mr. Guenther does not explain why he failed to mention the 1992 postconviction motion in the habeas corpus application, which specifically directs the Applicant to list all postconviction motions, or in his response to Magistrate Judge O. Edward Schlatter's April 29, 2005, order directing Mr. Guenther to show cause why the application should not be denied as barred by the one-year limitation period. Mr. Guenther also fails to provide the Court with any documentation that shows he filed a postconviction motion in 1992.

2

Upon consideration of "Applicant's Motion for Reco[n]sideration" and the entire file, the Court finds that Mr. Guenther fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action.  As a result, "Applicant's Motion for Reco[n]sideration" will be denied.  Accordingly, it is

ORDERED that "Applicant's Motion for Reco[n]sideration" filed on June 29, 2005, is denied.

DATED at Denver, Colorado, this _____ day of _____, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-00761-OES

David Alan Guenther
Prisoner No. 58657
CTCF
PO Box 1010
Canon City, CO 81215- 1010

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/7/05

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk